In the Matter of EDWARD J. FANNING, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 8, 1981

### APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*William J. Dougherty* of counsel *(Solomon, Rosenbaum, Drechsler & Leff,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee, has moved for an order confirming a hearing panel's findings of fact and conclusions of law, and suspending respondent from the practice of law for a period of three years for professional misconduct.

Respondent was admitted to practice in the Second Department in October, 1960, but maintained an office for the practice of law in the First Department.

In October, 1970, respondent was retained by Robert Behrman to represent him in a personal injury action. The summons was served on October 23, 1970. Behrman telephoned respondent on several occasions in 1970, 1972, 1973 and 1974 to inquire about the progress of the case. Respondent replied that he was taking care of the matter.

In 1975 Behrman went to the Supreme Court of Queens County and discovered that the action had been dismissed on November 18, 1971 because of respondent's failure to appear. Behrman sued respondent for malpractice. Respondent defaulted and Behrman was awarded $75,230 in damages, no portion of which has yet been recovered. Behrman was advised by counsel that respondent had no funds to satisfy the judgment.

The hearing panel concluded that respondent had misrepresented the true status of an action in which he was retained, in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility, and also that he had neglected a legal matter entrusted to him in violation of DR 6-101 (A) (3) of the Code.

After reaching its conclusions the panel was advised that respondent had received admonitions from the Committee on Grievances on March 6, 1973, for failure to communicate with the legatees of an estate which he represented and for failure to co-operate with the directions of the Surrogate's Court, and on February 11, 1975, for neglect of a client's case, which neglect resulted in its dismissal, and for failure to co-operate with the Committee on Grievances.

Respondent argues that he was denied due process by not being afforded an opportunity to cross-examine Mr. Behrman. He states that after direct examination of Behrman the matter was adjourned, and on April 29, when respondent was to have an opportunity to cross-examine, Behrman notified the Committee in writing that he would no longer make himself available because he was under medical care for hypertension and could not risk jeopardizing his health by attending another hearing.

Petitioner responds that respondent cross-examined Behrman on January 7, and that Behrman was ready to appear on three other occasions but respondent requested and received adjournments. Moreover, when Behrman did not appear on April 29, respondent made a motion to dismiss on due process grounds, but the panel denied it without prejudice and directed its counsel to communicate with Behrman to make arrangements for cross-examination, even if at his home, and to offer him transportation to

the hearing. Respondent then elected not to put in a defense and moved to dismiss for failure to establish a prima facie case.

Respondent's claims of denial of due process are unavailing. He was given ample notice of the hearing and he did cross-examine Behrman on January 7. Since he had been sick prior to the hearing the Committee did inform him that it would afford him other dates for further cross-examination, but his attorney requested adjournments on several occasions. Furthermore, he chose to move to dismiss for failure to offer a prima facie case without waiting to see if the hearing panel's efforts to have Behrman appear again would prove fruitful.

On the merits respondent is clearly guilty of professional misconduct which has grievously harmed a client. In considering the penalty to be imposed we take note of his two previous admonitions for conduct similar to his actions here. Respondent should be suspended from the practice of law for a period of three years and until further order of this court.

KUPFERMAN, J.P., BIRNS, SULLIVAN, ROSS and CARRO, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years, effective January 4, 1982, and until the further order of this court, as indicated in the order of this court.